IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINCENT McELVEEN                                                                                    PLAINTIFF

v.                                          Case No. 1:15-cv-01021

UNION COUNTY CRIMINAL
JUSTICE CENTER                                                                                      DEFENDANT

## **ORDER**

Plaintiff, Vincent McElveen, submitted this *pro se* action for filing on April 10, 2015. ECF No. 1. Currently before the Court is Plaintiff's failure to prosecute his case.

On April 10, 2015, Plaintiff filed his Complaint (ECF No. 1), and the Court granted him *in forma pauperis* status ("IFP") on April 10, 2015. ECF No. 3. The IFP Order advised Plaintiff to keep the Court apprised of any address changes and that failure to keep the Court informed of an address change could result in the dismissal of his case. The IFP Order also directed the Plaintiff to file an Amended Complaint providing a short plain statement of his claims against all of the named defendants by April 30, 2015. Plaintiff failed to file an Amended Complaint. On March 29, 2016, Plaintiff was ordered to show cause why his Complaint should not be dismissed for failure to prosecute and follow the Orders of the Court. ECF No. 7. Plaintiff failed to respond to this Show Cause Order. Further, the IFP Order, the Show Cause Order and every other piece of mail sent to Plaintiff has been returned as undeliverable, despite several address changes by the Court. Plaintiff has not communicated with the Court since filing his original Complaint and IFP application on April 10, 2015.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). Local Rule 5.5(c)(2) states in pertinent part:

> *It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. See Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has also failed to comply with the orders of this Court and to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. See Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED,** this 30th day of December, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge